UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANAH DIVISION

| | |
|---|---|
| BRANDY HEWITT, | ) |
| | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) FILE NO: |
| | ) |
| vs. | ) FAIR LABOR STANDARDS ACT |
| | ) ACTION |
| CITY OF PORT WENTWORTH, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

COME NOW, Plaintiff who hereby brings this action under the Fair Labor Standards Act, 29 U.S.C.§ 201, et seq., (hereinafter FLSA) for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation, and attorneys' fees, on the grounds set forth below:

JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked under 28 U.S.C. §1331 and §1337. This Court also has jurisdiction pursuant to 29 U.S.C. § 216(b).

–1–

2.

Pursuant to 28 U.S.C. §1391, venue is appropriate in this judicial district as the Defendants conduct business and maintain a registered agent within the Southern District of Georgia.

## PARTIES

3.

Plaintiff was a Corporal for the Criminal Investigations Division as a Detective who was denied overtime compensation during the terms of her employment.

4.

Plaintiff brings this action pursuant to 29 U.S.C. §216(b).

5.

Defendant City of Port Wentworth is a Government Entity formed under the laws of the State of Georgia which works closely with all segments of the general public and government. The Defendant may be served with process through the Mayor, Gary Norton, 7224 GA HWY 21, Port Wentworth, GA 31407.

6.

Defendant is an employer within the meaning of FLSA §203(d) and is not an exempt employer under the Act.

7.

Defendant, Sgt. Abby Brown is the officer for Port Wentworth Police Department who was acting in the interest of the Port Wentworth Police Department when they set the terms and conditions of employment for the Plaintiff, including the decision not to pay Plaintiff overtime and change her timesheet.

8.

By not paying overtime, Defendant, were able to personally profit more and pay themselves a greater profit, salary and/or benefits.

FACTUAL ALLEGATIONS

9.

Upon information and belief, Defendant has in the past and currently employs over 25 employees as in the metropolitan Atlanta area.

10.

Plaintiff seeks to represent employees engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. §207(a).

11.

The main purpose of Plaintiff's job was to assist with currency exchange to various countries.

12.

At all times relevant to this case, the Plaintiff was not responsible for supervising any other employees.

13.

At all times relevant to this case, Plaintiff did not possess the authority to hire or terminate employees.

14.

Plaintiff also lacked the authority to formally participate in the recommendation for hiring and termination decisions.

15.

At all times relevant to this action, Plaintiff possessed no independent discretion regarding laws and how the police department handled business; Plaintiff did not otherwise possess discretion or exercise independent judgment in the daily activities performed.

16.

At all times relevant to this action, Plaintiff was required to work a specific schedule and had to clock in and out of work.

17.

At all times relevant to this action, Plaintiff was docked for both hours and days missed due to illness, accident or other absences.

18.

From approximately June 14, 2021, to September 15, 2021, Defendant required Plaintiff to work in excess of 40 hours per workweek.

19.

From approximately June 14, 2021, to September 15, 2021, Defendant did not compensate Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which she was employed.

20.

Defendant's fail to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §207.

21.

Defendant's are liable to Plaintiff for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

## Count I

### (CLAIM FOR RELIEF UNDER FLSA § 207)

22.

The above facts support Plaintiff's claims for relief under the FLSA.

23.

Defendant's failure to compensate Plaintiff for time worked in excess of 40 hours per week is a violation of §207 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for Plaintiff for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. §216.

WHEREFORE, the Plaintiff requests this Court:

(a)     Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. §216 for Defendants who elect to participate in this action by filing proper written notice with the Court;

(c) Grant a trial by jury as to all matters properly triable to a jury;

(d) Award to Plaintiff and to each member of the opt-in class payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the normal rate, liquidated damages equaling 100% of overtime due each class member, and prejudgment interest on all amounts owed, as required by the FLSA;

(e) Issue a declaratory judgment.

(f) Award Plaintiff her attorney's fees and costs; and

(g) Award any other such further relief this Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff herein requests trial by jury of all issues in this action.

This 3rd day of October, 2022.

**THE LEACH FIRM, P.A.**

<u>/s/*Adeash Lakraj*</u>
Adeash A.J. Lakraj
GA Bar No. 444848
631 S. Orlando Ave, Suite 300
Wells Fargo Building
Winter Park, FL 32789
Telephone: 770.728.8478
Facsimile: 833.423.5864
Email: alakraj@theleachfirm.com