UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BRANDY HEWITT, | ) |
| Plaintiff, | ) |
| v. | ) CV422-229 |
| CITY OF PORT WENTWORTH, | ) |
| Defendant. | ) |

## ORDER

Defendant did not answer or respond to Plaintiff's Complaint before its deadline to do so. *See* doc. 6 at 2 (Defendant served on October 22, 2022); Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint[.]"); *see* doc. 9 (Answer filed January 3, 2023). At Plaintiff's request, doc. 7, the Clerk entered default against Defendant, doc. 8. Before the Court is Defendant's "Motion to Set Aside the Clerk of Court's Entry of Default." Doc. 10. Plaintiff has filed a response indicating her non-opposition to the relief sought. Doc. 14 ("While Plaintiff does agree with Defendant to set aside the Clerk's Entry of Default, Plaintiff does not agree that Defendant has a meritorious defense.").

"The court may set aside an entry of default for good cause . . . ."

Fed. R. Civ. P. 55(c).  As this Court has previously explained:

> While there is no precise formula for assessing "good cause", courts commonly consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir.1996) (citations omitted).  These factors are not talismanic, and other factors also may be relevant in making a good cause determination.  *Id.*  For example, an additional factor that may be relevant is whether the defaulting party acted promptly to correct the default.  *Id.* (*citing Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default."  *Id.*

*Wortham v. Brown*, 2015 WL 2152826, at *1 (S.D. Ga. May 7, 2015).  In determining whether a litigant has demonstrated sufficient good cause under Rule 55(c), the Court is mindful of the Eleventh Circuit's "strong preference that cases be heard on the merits." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014).

Defendant has demonstrated good cause to set aside default.  *See generally* doc. 10.  There is no indication that Defendant's default was willful.  *Id.*  Moreover, Plaintiff consents to Defendant's motion, and does not argue that she would be prejudiced by setting aside the default.  Doc.

14. Accordingly, given "the disfavored status of defaults, and especially [Plaintiff's] express consent to the setting aside of the entry of default", *Will-Burn Recording & Publ'g Co. v. Universal Music Grp. Recs.*, 2009 WL 10700895, at *2 (S.D. Ala. Mar. 2, 2009), Defendant's motion is **GRANTED**. Doc. 10. Defendant's Answer was filed before it moved to set aside the entry of default. Doc. 9. The Court deems the Answer timely filed on the date of entry of this Order.

**SO ORDERED**, this 30th day of January, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA